WILLIAM W. GLANTZ, APPELLANT, V. CITY OF LINCOLN
ET AL., APPELLEES.

300 N. W. 572

FILED OCTOBER 24, 1941. No. 31243.

*Clifford L. Rein,* for appellant.

*Clarence G. Miles, Hall, Cline & Williams* and *Flavel A. Wright, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and YEAGER, JJ.

YEAGER, J.

This is an action under the workmen's compensation law of the state of Nebraska. The action is by William W. Glantz, plaintiff and appellant, against the city of Lincoln, Lancaster county, Nebraska, alleged employer of plaintiff, and the Travelers Insurance Company, a corporation, the workmen's compensation carrier for the city of Lincoln, defendants and appellees.

The plaintiff was, from August 29, 1939, to and including December 14, 1939, a Works Progress Administration employee and was engaged in projects which were in and for the benefit of the city of Lincoln. From some time in September he was engaged with other employees in street marking. The particular duty of plaintiff was the spreading of tar. To do this work he carried in his left hand a bucket weighing from 60 to 75 pounds, and with his right hand he brushed or spread the tar. On December 14, 1939, while he was spreading tar on M street, between Eleventh and Thirteenth streets, he claims that he picked up the bucket and "snapped" his back, felt pain therein and could not straighten up, and that he has been completely disabled from performance of any work since that date, although in his testimony he admits that he was employed on W. P. A. as late as February, 1940. He claims that this was a compensable injury under the workmen's compensation law of Nebraska.

There is no question that plaintiff was at the time working on a Works Progress Administration project of which the city of Lincoln was the sponsor. He was employed, assigned and paid by the Works Progress Administration.

The project which was being carried out was one wherein the Works Progress Administration was to expend federal funds under its rules and regulations in the amount of $8,901.85. Superintendence at a cost of $720 was also to be furnished by the Works Progress Administration. The city of Lincoln furnished some material and the sum of $250 for engineering, supervision and inspection.

The case was first tried by a single judge of the compensation court where the claim of plaintiff was dismissed. Thereafter it was tried to the full court where the claim was held to be compensable. An appeal was taken to the district court, and there it was held that the claim was not compensable on the grounds that the plaintiff was not an employee of the city of Lincoln, and that he did not sustain an accident and injuries within the meaning of the workmen's compensation law. From the judgment of the district court the plaintiff has appealed.

The only evidence to support the contention of the plaintiff that he was at the time of the occurrence in question an employee of the city of Lincoln is that this was a Works Progress Administration project which was for the benefit of the city of Lincoln, and that the city of Lincoln exercised some control over the performance of the work involved.

On the question of employment, it is sufficient to say that the record discloses that the Works Progress Administration employed the plaintiff; that he was under its direction and control; that it fixed his hours of employment, his wages and labor classification, and had the sole right to supervise his work and to discharge him, if necessary; and that after August 1, 1935, the federal government assumed the role of sole employer of relief workers on Works Progress Administration projects.

On the question of exercise of control by the city of Lin-

coln, the record discloses that one Henry Prosser was an employee of the city of Lincoln, and was in charge of equipment maintenance for the city. During the progress of the work on this project he was frequently on hand and gave directions, either directly or through the project foreman, to plaintiff as to the manner of performance of the work by plaintiff, and that for a portion of one day when the regular foreman was away Prosser acted as foreman. The record discloses no other supervision of work and no control of any kind over employment.

On these facts and under the decision in *Williams v. City of Wymore,* 138 Neb. 256, 292 N. W. 726, which is a case directly in point on the facts as well as the law, it becomes necessary to hold that plaintiff, at the time and place in question, was not an employee of the city of Lincoln. In that case it was held: "When a city, pursuant to agreement, furnished certain equipment, material, supplies, superintendence and other items for use on a Works Progress Administration project, but had no authority to control the details of the work, or to direct the mode and manner of doing it, the city is not liable for the payment of benefits under the workmen's compensation law for injuries suffered by an employee on the project."

In the light of the view taken of the question of employment of plaintiff by the defendant, city of Lincoln, it is not necessary to discuss the other assignments of error.

The judgment of the district court is

AFFIRMED.